Brian A. E. Smith (SBN 188147)
bsmith@bzbm.com
Joseph J. Fraresso (SBN 289228)
jfraresso@bzbm.com
**BARTKO ZANKEL BUNZEL & MILLER**
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Tel: (415) 956-1900
Fax: (415) 956-1152

Seth H. Ostrow (*pro hac vice*)
sho@msf-law.com
Jeffrey P. Weingart (*pro hac vice*)
jpw@msf-law.com
Robert P. Feinland (*pro hac vice*)
rf@msf-law.com
**MEISTER SEELIG AND FEIN LLP**
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: 212- 655-3500
Fax: 212- 655-3535

*Attorneys for Plaintiff CareView Communications, Inc.*

Evan S. Nadel (SBN 213230)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.**
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel:  415-432-6000
Fax: 415-432-6001
enadel@mintz.com

Brad M. Scheller (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC**
666 Third Avenue
New York, NY 10017
Tel: 212-692-6761
Fax: 212-983-3115
bmscheller@mintz.com

Michael Renaud (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.**
One Financial Center
Boston, MA 02111
Tel: 617-542-6000
Fax: 617-542-2241
mrenaud@mintz.com

*Attorneys for Defendants Interactive Digital Solutions, LLC and MedSitter, LLC*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CAREVIEW COMMUNICATIONS, INC., *Plaintiff,* v. INTERACTIVE DIGITAL SOLUTIONS, LLC, AND MEDSITTER, LLC, *Defendants.* | Case No. 4:21-cv-07061-HSG **STIPULATED PROTECTIVE ORDER** |

**Proceedings and Information Governed**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action.  The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Duration**

2. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**Designation and Maintenance of Information**

3. For purposes of this Protective Order:

    (a) the "**Confidential**" designation means that the document, information, or other thing furnished by any party to any other party is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential;

    (b) the "**Highly-Confidential – Outside Attorneys' Eyes Only**" designation means that the document, information, or other thing furnished by any party to any other

2938.000/1691991.1

party is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter; and

(c) the "**Outside Attorneys' Eyes Only – Source Code**" designation means that the document, information, or other thing furnished by any party to any other party is comprised of or includes source code or similarly sensitive software code, that the designating party believes in good faith is not generally known to others and has significant competitive value, such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.  Information designated "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" (collectively, "Protected Material") does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information or otherwise has a duty not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

5.  Documents and things produced during the course of this litigation within the scope of paragraph 3(a) above, may be designated by the producing party as containing "Confidential" information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

6.  Documents and things produced during the course of this litigation within the scope of paragraph 3(b) above, may be designated by the producing party as containing "Highly-Confidential – Outside Attorneys' Eyes Only" information by placing on each page and each thing a legend substantially as follows:

**HIGHLY-CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

7.  Documents and things produced during the course of this litigation within the scope of paragraph 3(c) above, may be designated by the producing party as containing "Outside Attorneys' Eyes Only – Source Code" information by placing on each page and each thing a legend substantially as follows:

**OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE
SUBJECT TO PROTECTIVE ORDER**

8.  In the event that original documents are produced for inspection, the original documents shall be presumed "Highly-Confidential – Outside Attorneys' Eyes Only" during the inspection and redesignated, as appropriate during the copying process.

9.  A party may designate information disclosed at a deposition as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code".  If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as "Highly-Confidential – Outside Attorneys' Eyes Only" information, unless the disclosing party consents to less confidential treatment of the information, failure to object by the disclosing party constitutes consent and the basis of any objection has a reasonableness requirement), the entire deposition will be considered devoid of "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside

STIPULATED PROTECTIVE ORDER

Attorneys' Eyes Only – Source Code" information.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

10. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**Inadvertent Failure to Designate**

11. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity.  The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.  If a party receives information from the other party that it reasonably believes should have been marked as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code", or is privileged, it will treat the information as confidential and will

immediately inform the other party of its belief.  The notified party will have ten (10) days to pull back the document or provide the proper designation.

**Inadvertent Disclosure of Privileged Materials**

12. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine.  Employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Rule 502(b)(2) of the Federal Rules of Evidence.  The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

13. Upon a written request from any producing party who has inadvertently produced Protected Material that it believes is privileged and/or protected, each receiving party shall, within five (5) business days, immediately return, sequester, or destroy such Protected Material and all copies, including those that have been shared with experts, consultants, and vendors, to the producing party, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to the producing party.

14. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Protected Material and such other information as is reasonably necessary to identify the Protected Material and describe its nature to the Court in any motion to compel production of the Protected Material.  The receiving party may also retain one copy of the Protected Material for presentation to the Court under seal

with any such motion to compel production.  Any motion to compel production of the inadvertently produced Protected Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production.  During the pendency of such motion, the receiving party shall make no other use or disclosure of the Protected Material contained therein.  If the receiving party loses the challenge, it must destroy all remaining copies of the Protected Material.

**Challenge to Designations**

15. A receiving party may challenge a producing party's designation at any time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under Civil L.R. 37-1(a) and subject to any applicable local rules or court orders, the receiving party may seek an order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

16. Information designated as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" may only be used for purposes of preparation, trial, and appeal of this action.  "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

17. Subject to paragraph 23 below, "**Confidential**" information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who

2938.000/1691991.1

are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party in writing to counsel for the designating party in advance of the disclosure; (c) outside counsel of record for the receiving party and other attorneys at the same firm as outside counsel of record who are working on the case; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) those individuals designated under paragraph 23(c).

18. Subject to paragraph 23 below, "**Highly-Confidential – Outside Attorneys' Eyes Only**" information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:  (a) outside counsel of record for the receiving party and other attorneys at the same firm as outside counsel of record who are working on the case; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) those individuals designated under paragraph 23(c); and (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

19. Subject to paragraph 23 below, "**Outside Attorneys' Eyes Only – Source Code**" information may be disclosed by the receiving party only to the following individuals:  (a) outside counsel of record for the receiving party and other attorneys at the same firm as outside counsel of record who are working on the case; (b) supporting personnel employed by outside counsel, (c) experts or consultants and (d) those individuals designated under paragraph 23(c).

20. Further, prior to disclosing "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information to a receiving party's proposed expert, consultant, and/or employees thereof, the receiving party must provide to the

2938.000/1691991.1

producing party a signed Confidentiality Agreement in the form attached as **Exhibit A**, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships with the parties or their predecessors-in-interest and, for the last ten (10) years, any current and past consulting relationships in the industry.   The producing party will thereafter have five (5) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  Failure to object within five (5) business days constitutes approval.  If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter.   There will be no disclosure to any proposed individual during the five (5) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

21. Counsel is responsible for the adherence by third-party vendors, including those persons identified in paragraph 18(e), to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as **Exhibit B**.

22. All Protected Material shall be used solely for the above-captioned case or any related appellate proceeding and/or proceedings before the United States Patent and Trademark Office (the "USPTO").   Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order.  To the extent any party seeks to use Protected Material in connection with proceedings before the USPTO, such party shall take reasonable steps to (i) file any such Protected Material under seal or otherwise protected from public disclosure; and (ii) request the entry of a protective order containing terms substantially consistent with this Order.

23. "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

    (a)    the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

provided, however, disclosure under this Protective Order to a person currently bound by a confidentiality agreement or who otherwise has a duty not to disclose information, does not supersede or in any way diminish the terms and requirements of such agreement or duty and this order should not be read to independently authorize such disclosure.  Notwithstanding the foregoing, this section does not limit a party's ability to conduct a deposition of the person bound by confidentiality or a party's right to object to same.

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the party designating the material agrees in writing that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order may be present during the disclosure or discussion of "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Source Code**

24. "Source Code" means computer code, scripts, assembly code, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Verilog or other types of Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

25. Unless otherwise agreed to in writing between the producing party and the receiving party, all relevant and properly requested Source Code designated as "Outside Attorneys' Eyes Only – Source Code" shall only be provided on stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) ("Source Code Computer") residing in secure locations at the offices of (a) the producing party, (b) the producing party's Outside Counsel, or (c)

2938.000/1691991.1

a third party in either New York, New York or the San Francisco Bay area. The election between the above locations for production rests with the producing party. The Parties further agree to cooperate in good faith regarding any necessary or appropriate modifications to these provisions regarding Source Code in view of the ongoing pandemic.

26. Review shall occur during regular business hours, which, for purposes of this paragraph, shall be 9:00 a.m. through 5:00 p.m. local time, Monday—Friday (excluding holidays) on a mutually agreed date to the extent reasonably practicable. The Parties agree to cooperate in good faith, such that maintaining the producing party's Source Code at the offices of the producing party, the producing party's Outside Counsel, or third party secure facility, will not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action.

27. Each time counsel for the receiving party requests a review of Source Code on the Source Code Computer, it must give at least four (4) days' notice to the counsel for the producing party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The receiving party shall identify all individuals who will be given access to the Source Code, after which the producing party may object to providing Source Code access to any persons so identified. The receiving party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures given above and the Court's Scheduling Order.

28. Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States Federal Government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

29. The receiving party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the producing party's prior written consent. The producing party shall make a Source Code Computer available for use during deposition by persons authorized to have access to such materials, upon request from the receiving party made at least four (4) days in advance.

30. The parties shall take reasonable steps to produce all source code with any software required to allow review of the code in a manner reasonably equivalent to the review in the ordinary course of business by the producing party.  Further, the parties agree that the receiving party and its expert(s) shall be permitted to have installed and to execute software search tools and other software used to review (including print) Source Code of their choice on the Source Code Computer. Notwithstanding the foregoing sentence, the producing party shall not be required to have installed on the Source Code Computer software requested by the receiving party that requires substantial, unreasonable modifications (e.g., substantial, unreasonable modifications to hardware or software) to the Source Code Computer prepared by the producing party to review the Source Code.  Costs associated with the purchase of a particular software tool (including any licenses required to use the particular software tool on the Source Code Computer) shall be borne by the party requesting its use. The producing party may visually monitor the activities of the receiving party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, uploading, sending, transferring or other transmission of the Source Code. Visual monitoring by the producing party, however, shall not entail review of any work product generated by the receiving party, e.g., monitoring the screen of the stand-alone computer, monitoring any surface reflecting notes or work product of receiving party, or monitoring the key strokes of the receiving party.

31. The Source Code Computer shall be equipped to print copies of the Source Code on pre-Bates numbered paper, which shall be provided by the producing party.  Source Code may not be copied without agreement of the producing party or further order of the Court. At the request of the requesting party, the party providing the inspection shall provide the requesting party paper copies of limited portions of the Source Code identified by the requesting party that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial and shall not request paper copies for the purpose of reviewing the Source Code. Requests for paper copies shall be limited to no more than 500 aggregate pages of the total Source Code, and all printed Source Code shall be logged by the recipient.  The party providing the inspection will provide such paper copies in paper form to the requesting party within five (5)

business days of the reviewing party's request, unless otherwise agreed. The party providing the inspection shall mark such copies clearly and prominently as "Outside Attorneys' Eyes Only – Source Code" and affix individual production numbers. Additionally, the receiving party shall not print any continuous block of Source Code that results in more than fifty (50) printed pages.  If necessary, the receiving party may request to print additional pages in excess of the limits above, which request the producing party shall not unreasonably deny.

32. In addition to other reasonable steps to maintain the security and confidentiality of the producing party's Source Code, printed copies of the Source Code maintained by the receiving party must be kept in a locked storage container when not in use.  No electronic copies of the Source Code shall be provided.  Other than in connection with pleadings filed under seal and depositions designated "Outside Attorneys' Eyes Only – Source Code," the receiving party may make no more than five (5) copies of printed Source Code without the express written permission of the producing party. Hard copies of Source Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation. Hard copies of the Source Code may also not be scanned using optical character recognition ("OCR") technology.

33. The reviewing party may take written notes of portions of the Source Code and other such notes as may be reasonably necessary to facilitate inspection of the Source Code, except that the reviewing party shall not copy the Source Code into the notes. Any such notes shall be treated the same way as Source Code and shall be labeled "Outside Attorneys' Eyes Only – Source Code." In addition, unless agreed to by the producing party, no outside electronic devices, including, but not limited to, laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room, nor shall any cellular telephones, personal digital assistants (PDAs), cameras, voice recorders, dictaphones, telephone jacks, or other devices be permitted inside the secure room, nor shall any nonelectronic devices capable of similar functionality be permitted in the secure locations.

34. The receiving party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the Source Code is provided and when the hard copy was provided to that person, and within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues

in the case, the receiving party must serve upon the producing party the log and, at the producing party's option, either serve upon the producing party, or certify the destruction of, all paper copies of the producing party's Source Code. In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

35. Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned cases. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

**Non-Party Information**

36. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action whom may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony as confidential pursuant to this Protective Order.

**Non-Waiver**

37. Producing or receiving Protected Materials, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in the Protective Order with respect to any particular information or material.

STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

**Unauthorized Disclosure**

38. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**Prosecution Bar**

39. Absent written consent from the producing party, any individual who accesses Protected Material shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action or the subject matter of highly-confidential technical information to be produced in this action, including without limitation the Patents-in-suit and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting or amending patent claims in any context, including prosecution of original, reissue, continuation, or other related applications, reexamination or other such proceedings, *inter partes* review, post-grant review, covered business method review, opposition proceedings, and/or any other contested proceedings before the U.S. Patent and Trademark Office that concern issued patents. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, covered business method patent review, or post grant review), so long as the individual's involvement in such proceedings does not include drafting or amending patent claims or providing any input regarding drafting and amending claims. Nothing in this section shall prevent any person from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar

STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations.  This Prosecution Bar shall begin when Protected Material is first accessed by the affected individual and shall end one (1) year after final termination of this action.

**Conclusion of Litigation**

40. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information, and to certify in writing to the producing party that this destruction or return has been done. Within ten (10) business days after the final conclusion of this action, all "Outside Attorneys' Eyes Only – Source Code" information and materials produced by any party shall be either destroyed or returned to the producing party. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.  Regardless of any final judgment, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**Other Proceedings**

41. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15                           Case No. 21-CV-07061-HSG
STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

**Computation of Time**

42. The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

**Remedies**

43. It is Ordered that this Protective Order may be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

44. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this protective order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: December 21, 2021          */s/ Brian A.E. Smith*
                                  Bartko Zankel Bunzel & Miller /
                                  Brian A.E. Smith

                                  *Attorneys for Plaintiff*


Dated: December 21, 2021          */s/ Evan S. Nadel*
                                  Mintz Levin Cohn Ferris Glovsky & Popeo P.C. /
                                  Evan S. Nadel

                                  *Attorneys for Defendants*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: 12/22/2021

                                  The Honorable Haywood S. Gilliam, Jr.
                                  United States District Judge

STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CAREVIEW COMMUNICATIONS, INC.,

        *Plaintiff*,

  v.

INTERACTIVE DIGITAL SOLUTIONS, LLC,
AND MEDSITTER, LLC,

        *Defendants*.

Case No. 4:21-cv-07061-HSG

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code", as defined in the Protective Order entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Protective Order and of its binding effect on them and me.

Case No. 21-CV-07061-HSG
STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

## EXHIBIT A

I understand that I am to retain all documents or materials designated as or containing "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

Case No. 21-CV-07061-HSG
STIPULATED PROTECTIVE ORDER
2938.000/1691991.1

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CAREVIEW COMMUNICATIONS, INC., | Case No. 4:21-cv-07061-HSG |
| *Plaintiff*, | |
| v. | |
| INTERACTIVE DIGITAL SOLUTIONS, LLC, AND MEDSITTER, LLC, | |
| *Defendants*. | |

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code", as defined in the Protective Order entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Orders.

I agree not to use any "Confidential" or "Highly-Confidential – Outside Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only – Source Code" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

## EXHIBIT B

_____

Signed

_____

Printed Name

_____

Date

Case No. 21-CV-07061-HSG

STIPULATED PROTECTIVE ORDER

2938.000/1691991.1

1    Dated:  December 21, 2021

2    By:    _/s/ Brian A.E. Smith_                              By:    _/s/ Evan S. Nadel_

3    Brian A. E. Smith (SBN 188147)                         Evan S. Nadel (SBN 213230)
4    bsmith@bzbm.com                                        **MINTZ LEVIN COHN FERRIS**
     Joseph J. Fraresso (SBN 289228)                        **GLOVSKY & POPEO P.C.**
5    jfraresso@bzbm.com                                     44 Montgomery Street, 36th Floor
     **BARTKO ZANKEL BUNZEL & MILLER**                      San Francisco, CA  94104
6    A Professional Law Corporation                         Tel:  415-432-6000
     One Embarcadero Center, Suite 800                      Fax: 415-432-6001
7    San Francisco, California 94111                        enadel@mintz.com
8    Tel: (415) 956-1900
     Fax: (415) 956-1152                                    Brad M. Scheller (*pro hac vice*)
9                                                           **MINTZ LEVIN COHN FERRIS**
     Seth H. Ostrow (*pro hac vice*)                        **GLOVSKY & POPEO PC**
10   sho@msf-law.com                                        666 Third Avenue
     Jeffrey P. Weingart (*pro hac vice*)                   New York, NY 10017
11   jpw@msf-law.com                                        Tel: 212-692-6761
     Robert P. Feinland (*pro hac vice*)                    Fax: 212-983-3115
12   rf@msf-law.com                                         bmscheller@mintz.com
     **MEISTER SEELIG AND FEIN LLP**
13   125 Park Avenue, 7th Floor                             Michael Renaud (*pro hac vice*)
     New York, NY 10017                                     **MINTZ LEVIN COHN FERRIS**
14   Tel: 212- 655-3500                                     **GLOVSKY & POPEO P.C.**
     Fax: 212- 655-3535                                     One Financial Center
15                                                          Boston, MA 02111
16   *Attorneys for Plaintiff CareView*                     Tel: 617-542-6000
     *Communications, Inc.*                                 Fax: 617-542-2241
17                                                          mrenaud@mintz.com

18
                                                            *Attorneys for Defendants Interactive Digital*
19                                                          *Solutions, LLC and MedSitter, LLC*

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

2938.000/1691991.1