Brian A. E. Smith (SBN 188147)
bsmith@bzbm.com
Joseph J. Fraresso (SBN 289228)
jfraresso@bzbm.com
**BARTKO ZANKEL BUNZEL & MILLER**
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Tel:  (415) 956-1900
Fax:  (415) 956-1152

Seth H. Ostrow (*pro hac vice*)
sho@msf-law.com
Jeffrey P. Weingart (*pro hac vice*)
jpw@msf-law.com
Robert Phillip Feinland (*pro hac vice*)
rf@msf-law.com
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, NY 10017
Tel:  212- 655-3500
Fax:  212- 655-3535

*Attorneys for Plaintiff*
*CareView Communications, Inc.*

Evan S. Nadel (SBN 213230)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.**
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel:  415-432-6000
Fax: 415-432-6001
enadel@mintz.com

Brad M. Scheller (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC**
666 Third Avenue
New York, NY 10017
Tel: 212-692-6761
Fax: 212-983-3115
bmscheller@mintz.com

Michael Renaud (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.**
One Financial Center
Boston, MA 02111
Tel: 617-542-6000
Fax: 617-542-2241
mrenaud@mintz.com

*Attorneys for Defendants Interactive Digital Solutions, LLC and MedSitter, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CAREVIEW COMMUNICATIONS, INC. ,<br><br>Plaintiff,<br><br>v.<br><br>INTERACTIVE DIGITAL SOLUTIONS, LLC AND MEDSITTER, LLC,,<br><br>Defendants. | Case No. 4:21-CV-07061-HSG<br><br>**STIPULATED ELECTRONICALLY STORED INFORMATION ("ESI") ORDER** |

Plaintiff CareView Communications, Inc. ("Plaintiff" or "CareView") and Defendants Interactive Digital Solutions, LLC and MedSitter, LLC ("Defendants") respectfully submit this Joint Motion for Entry of Order Regarding E-Discovery in the above referenced action.

## I.   GENERAL PROVISIONS

A. *Purpose.* This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

B. *Proportionality*. The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

C. *Modification*. This order may be modified in the Court's discretion or by agreement of the parties.

D. *Privilege Log*. Attorney-client privileged communications and work product created after filing of the Complaint in this action, do not need to be included on a privilege log. In addition, the parties agree that communications and drafts exchanged between counsel and the experts in this case are not discoverable. Communications between the parties or representatives of the parties (other than counsel) with the expert will be discoverable only to the extent relied upon by the expert. Privilege logs shall be exchanged ninety (90) days prior to the close of fact discovery.

E. *No Waiver of Privilege*. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Otherwise, waiver of

1  privilege as to ESI will be treated the same as other documents as set forth in the
2  Protective Order.

## II. ESI SOURCES DEEMED INACCESSIBLE.

The parties agree that, in the absence of a showing of good cause, there is no obligation to preserve, restore, collect, search, or produce information from the following sources: deleted, slack, fragmented, or other data only accessible by forensics; legacy computer systems, disks, SAN, disaster recovery materials (including back-up tapes); random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; on-line access data such as temporary internet files, history, cache, cookies, and the like; data in metadata fields that are frequently updated automatically, such as last opened dates; voice messages; text messages; instant messages; electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices); mobile devices (e.g., iPhone, iPad, Android, Windows, Blackberry devices, or similar portable devices); logs of phone calls; server, system or network logs; electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; data remaining from systems no longer in use that is unintelligible on the systems in use. The parties agree that these ESI sources would be considered inaccessible or unduly burdensome ESI sources.

## III. DOCUMENT PRODUCTION

A.  *General Document Image Format.* Each electronic document shall be produced in black-and-white single-page Group IV Tagged Image File Format ("TIFF") format, at its original resolution or with at least 300 dots per inch (dpi). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. *Hard Copy Documents*. Documents that exist in hard copy format only shall be scanned and produced as single-page Group IV TIFFs, with at least 300 dpi. Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and applicable confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The documents should be unitized as they currently physically exist in the ordinary course of business.

C. *De-duplication*. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document family level) across volumes. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed methods of de-duplication.

D. *Bates Numbering*. Bates numbers shall be unique IDs with a prefix that can readily be attributed to the producing party. Bates numbers shall be sequential.

E. *Text-Searchable Documents*. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

F. *Native Files*. Documents that cannot be rendered to TIFF format, that cannot be produced at their original resolution in TIFF format, or that cannot be legibly rendered in TIFF format will be produced in native form. A party that receives a document produced in a format specified above may also make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

G. *Color*. A party may elect to produce documents in color in single-page JPEG format. A party that receives a document produced in a format specified above may also make a reasonable request to receive a color version. Upon receipt of such a request, the producing party shall produce color images in single-page JPEG format.

H. *Confidentiality Designation*. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order entered in this action. Each responsive document produced in native format will identify the confidentiality designation in the filename of the native file.

I. *Password Protections*. The parties will use commercially reasonable efforts to open password-protected or encrypted files, including commercially accessible software, when appropriate and feasible.

J. *Metadata Fields*. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the document's author, the subject or file name, file type, the date and time that the document was created, sent, and received, and the complete distribution list, shall generally be included in the production if such fields exist.

K. *Analytics*. A party may elect to use analytics including but not limited to email threading and computer-assisted review.

IV. **EMAIL PRODUCTION.**

A. *General*. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively, "e-mail"). Absent a showing of good cause and a good faith belief that the likely benefit of receiving the requested email discovery outweighs the burden in searching for and producing that discovery, no party is obligated to produce e-mail or respond to an e-mail production request. Upon such a showing, a party may request another party produce e-mail subject to the conditions and limits described herein.

     B.     *Email Requests*. To obtain email, parties must propound specific email production requests. Email production requests must be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. Email production requests shall identify the custodian, search terms, and time frame.

     C.     *Custodians*. The parties shall limit the number of custodians whose email will be searched to a maximum of seven (7) custodians per side, unless otherwise agreed to by the parties or for good cause shown to the Court.

     D.     *Search Terms*. For each custodian from which email is sought, the requesting party may identify up to ten (10) search terms (not including foreign language equivalents), and a corresponding date range for each search term. The parties agree that search terms must be narrowly tailored. Indiscriminate terms, such as the producing party's name or the names of its products are inappropriate unless combined with narrowing search criteria that sufficiently reduces the risk of overproduction. A conjunctive use combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production. A particular search term that returns a disproportionate amount of non-responsive documents is objectionable. In such cases, the parties shall work together to eliminate the search term or to revise the search term as appropriate. To the extent any custodian sends or receives email in more than one language, that custodian's email shall be searched using the search terms identified by the party requesting email as well using foreign language equivalents for each term, translated into each language in which the custodian sends

or receives email. The parties further agree to meet and confer regarding foreign language equivalents for each identified search term.

 E. *Attachments*. The parties shall produce email attachments sequentially after the parent email, so as to preserve associations between attachments and parent documents and the email family unless there is an applicable privilege or protection claimed as to the parent or email attachment.

 F. *Most Inclusive*. When producing email, a party may choose to produce only the longest (most inclusive) unique iteration of each email thread, so long as all lesser portions of the thread that contain unique data (such as an attachment) are also produced.

## V. SOURCE CODE

To the extent relevant, source code will be made available for inspection pursuant to the terms of the Protective Order. Nothing in this Order governs source code production.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 21, 2021

| | |
|---|---|
| /s/ *Brian A.E. Smith*<br>Brian A. E. Smith (SBN 188147)<br>bsmith@bzbm.com<br>Joseph J. Fraresso (SBN 289228)<br>jfraresso@bzbm.com<br>BARTKO ZANKEL BUNZEL & MILLER<br>One Embarcadero Center, Suite 800<br>San Francisco, California 94111<br>Tel: (415) 956-1900<br><br>Seth H. Ostrow (pro hac vice)<br>sho@msf-law.com<br>Jeffrey P. Weingart (pro hac vice)<br>jpw@msf-law.com<br>Robert P. Feinland (pro hac vice)<br>rf@msf-law.com<br>MEISTER SEELIG & FEIN LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Tel: (212) 655-3500 | /s/ *Evan S. Nadel*<br>Evan S. Nadel (SBN 213230)<br>enadel@mintz.com<br>MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Tel: 415-432-6000<br>Fax: 415-432-6001<br><br>Brad M. Scheller (pro hac vice)<br>bmscheller@mintz.com<br>MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC<br>666 Third Avenue<br>New York, NY 10017<br>Tel: 212-692-6761<br>Fax: 212-983-3115<br><br>Michael Renaud (pro hac vice)<br>mrenaud@mintz.com |

| | |
|---|---|
| Attorneys for Plaintiff CareView Communications, Inc. | MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO P.C.<br>One Financial Center<br>Boston, MA 02111<br>Tel: 617-542-6000<br>Fax: 617-542-2241<br><br>Attorneys for Defendants Interactive Digital Solutions, LLC and MedSitter, LLC |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  12/22/2021

_____
Hon. Haywood S. Gilliam Jr.
United States District Judge